IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Thomas Christenham, )<br>)<br>Movant, )<br>)<br>vs. )<br>)<br>United States of America, )<br>)<br>Respondent. )<br>_____ ) | Cr. No. 5:12-0808<br><br><br><br>**ORDER AND OPINION** |

Movant Thomas Christenham is an inmate in custody of the Federal Bureau of Prisons who currently is housed at Bennettsville, South Carolina. On February 22, 2018, Movant, proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the Eastern District of North Carolina (Western Division). The North Carolina district judge construed the petition as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, and on September 13, 2019, directed the case be transferred to this court.

On October 9, 2019, Respondent United States of America (the "government") filed a motion for summary judgment. By order filed October, 9, 2019, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Movant was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Movant filed no response in opposition to Respondent's motion.

I. FACTS AND PROCEDURAL HISTORY

On March 21, 2013, Movant pleaded guilty pursuant to a plea agreement to conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine and 1,000 kilograms or more of marijuana, in violation

of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), all in violation of 21 U.S.C. § 846. Among other things, the plea agreement provided that Movant would cooperate with the government and, if the cooperation was deemed by the government as providing substantial assistance, the government would move for a downward departure or reduction in sentence pursuant to U.S.S.G. § 5K1.1, 18 U.S.C.§ 3553(e), or Fed. R. Crim. P. 35(b). Movant stipulated that he has two prior felony drug convictions and that the government had filed an Information pursuant to 21 U.S.C. § 851 which informed Movant he was subject to enhanced penalties. Movant, in exchange for the concessions made by the government in the plea agreement, waived the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255, except as to claims of ineffective assistance of counsel or prosecutorial misconduct. The plea agreement further provided that if the government failed to file a motion for downward departure or reduction in sentence, Movant would not be deemed to have waived his right to direct appeal. ECF No. 287.

      A presentence investigation report (PSR) was prepared by the United States Probation Office (USPO). Movant was held accountable for 15.77 kilograms of cocaine and 1,380.91 kilograms of marijuana, for a marijuana equivalent of 1,384.06 kilograms (15.77 kg x 200 g = 3,154 g = 3.15 kg + 1,380.91 kg = 1,384.06 kg). Movant had a criminal history score of 7; however, because only 4 points are allowed under U.S.S.G. § 4A1.1(c); his criminal history score became 6, for a criminal history category of III. The following offenses were determined to be predicate offenses under 21 U.S.C. § 851: a conviction in 2012 in Newberry County, South Carolina, General Sessions Court for possession with intent to distribute marijuana, 1st offense; and a conviction in 2011 in Calhoun County, South Carolina, General Sessions Court for possession with intent to distribute marijuana,

1st offense.

Movant's base offense level was 32. He received a 2-level increase for possessing a dangerous weapon and another 2-level increase for maintaining a premises for the purpose of manufacturing or distributing a controlled substance, for an adjusted offense level of 36. Movant received a 3-level reduction for acceptance of responsibility, for a total offense level of 33. Movant's mandatory minimum sentence was life imprisonment. Absent the mandatory minimum sentence, Movant's guidelines range was 168-210 months.

On October 29, 2013, the government moved for a downward departure based on Movant's substantial assistance. The government requested that the court reduce Movant's sentence to 188 months incarceration. The government's motion was granted, and on October 31, 2013, Movant was sentenced to the custody of the Bureau of Prisons for 188 months, to be followed by a term of supervised release for 10 years. Judgment was entered on November 5, 2013. As provided by the plea agreement, Movant did not appeal his conviction or sentence. Movant's current release date is March 10, 2026.

Movant contends the court erred in applying a sentencing enhancement pursuant to U.S.S.G § 4B1.1(a), which provides:

> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

Movant states the following grounds[1] for relief:

---

[1]In Ground One, Movant alleged that 28 U.S.C. § 2255 is inadequate and ineffective to test the legality of detention. On August 15, 2019, the North Carolina district judge directed Movant to inform the court whether he consents to having the § 2241 petition recharacterized as a § 2255

3

GROUND TWO: The Petitioner does not qualify as a career offender in light of Mathis [v. United States, 136 S. Ct. 2243 (2016)].

GROUND THREE: An erroneous career offender designation amounts to a fundamental defect in sentencing.

## II. DISCUSSION

The substance of Movant's grounds for relief is that he erroneously was sentenced as a career offender. Movant relies on Mathis v. United States, 136 S. Ct. 2243 (2016), wherein the Supreme Court reiterated that the elements of a crime of conviction must be the same as, or narrower than, the relevant generic offense before the crime of conviction can be deemed a predicate offense under the Armed Career Criminal Act. According to Movant, his prior offenses for intent to distribute marijuana represented violations of S.C. Code Ann. § 44-53-370(e)(1), which provided, at the time of his offenses:

> (e) Any person who knowingly sells, manufactures, cultivates, delivers, purchases, or brings into this State, or who provides financial assistance or otherwise aids, abets, attempts, or conspires to sell, manufacture, cultivate, deliver, purchase, or bring into this State, or who is knowingly in actual or constructive possession or who knowingly attempts to become in actual or constructive possession of [various weights of marijuana must, upon conviction, be punished in accordance with the statute].

Movant contends that section 44-53-370(e)(1) is overbroad in that it criminalizes conduct that goes beyond the elements of the generic offense. Movant argues that, under Mathis, section 44-53-370(e)(1) cannot be used as a predicate offense for a career offender enhancement, because it prohibits not only trafficking by selling, manufacturing, transporting or delivering, but also mere possession. According to Movant, the "mere possession" offense is inconsistent with U.S.S.G. §

---

motion. Movant filed a response on September 3, 2019. The North Carolina district judge directed the Clerk of Court to transfer the action to this court for filing as a § 2255 motion. Thus, Ground One is moot.

4

4B1.2, which defines "controlled substance offense" for purposes of career offender status as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." Movant argues that being designated as a career offender more than doubled his otherwise applicable guidelines range, which amounted to a fundamental defect in sentencing and a miscarriage of justice. The court disagrees.

The government first argues that Movant waived his right to contest his sentence in the plea agreement, either on direct appeal or pursuant to a post-conviction action, including a motion under § 2255. An appellate waiver is generally enforceable where the waiver was knowingly and voluntarily made. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992) (citing United States v. Wiggins, 905 F.3d 51, 53 (4th Cir. 1990)). A waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the waiver provision of the plea agreement during the Rule 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver. Id. (citing United States v. Wessells, 936 F.2d 165, 168 (4th Cir. 1991)).

In this case, the government and Movant's counsel explained at the change of plea hearing that the plea agreement was beneficial to Movant because of the cooperation provision, which allowed a means by which Movant could be sentenced to less than the statutory mandatory sentence of life he was facing under § 841(b)(1)(A). ECF No. 834, 30-32 (Transcript of Change of Plea Hearing). Movant stated under oath that he understood the summary of the plea agreement offered by the government, and that he had no questions about the plea agreement. Id. at 32.

There are narrow exceptions to the enforceability of plea waivers such that "even a knowing and voluntary waiver of the right to appeal cannot bar the defendant from obtaining appellate review of certain claims," such as a sentence in excess of the statutory maximum or a challenge to the validity of a guilty plea. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). However, the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompanies a guilty plea. United States v. Archie, 771 F.3d 217, 222 (4th Cir. 2014) (quoting United States v. Sahlin, 399 F.3d 27, 31 (1st Cir. 2005)). The court finds that Movant knowingly and intelligently waived his right to a collateral attack on his sentence.

The government also asserts that, even if the waiver is not enforceable, Movant did not timely file his § 2255 motion. Pursuant to § 2255(f),

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Mathis did not set forth a new rule of constitutional law made retroactive by the Supreme Court. The Supreme Court indicated in the text of Mathis that its decision was based on longstanding precedent. 135 S. Ct. at 2257. Even assuming that Mathis recognized a new right that was made retroactive to cases on collateral review, Mathis was decided on June 23, 2016. Movant

did not file his § 2255 motion in the Eastern District of North Carolina until February 22, 2018. Movant's § 2255 motion is time barred.

Lastly, the government asserts that Movant incorrectly challenges his career offender status under the sentencing guidelines. Movant was sentenced pursuant § 841(b)(1)(A), which, at the time Movant was sentenced, provided that a person with two or more prior convictions for a felony drug offense would be sentenced to a mandatory term of life imprisonment. A "felony drug offense" was defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802.[2] The Information filed by the government pursuant to § 851 notified Movant that he was

---

[2] Under the First Step Act of 2018, § 841 was amended to provide that a "serious drug felony" means an offense described under 18 U.S.C. § 924(e)(2), which is:

> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 for which a maximum term of imprisonment of ten years or more is prescribed by law; or
>
> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law;
>
> for which –
>
> (A) the offender served a term of imprisonment of more than 12 months; and
>
> (B) the offender's release from any term of imprisonment was within 15 years of the commencement of the instant offense.

Under the current version of § 841(b)(1)(A), a person who commits a violation of § 841 "after 2 or more prior convictions for a serious drug felony or serious violent felony have become final, such person shall be sentenced to a term of imprisonment of not less than 25 years[.]" The court expresses

subject to increased penalties based upon the following convictions:

>    1.    January 20, 2012: MDP of other substance in schedule I, II, or III or Flunitrazepam or analogue, with intent to distribute. Greenwood County General Sessions Indictment Number 10-GS-24278. Arrest Date: December 8, 2009. Sentenced to 30 months suspended to 49 days time served and 30 days probation.
>
>    2.    July 25, 2011: PWID Marijuana. Calhoun County General Sessions Indictment Number 10-GS-09-224. Arrest Date: August 13, 2011. Sentenced to 18 months suspended to 9 months probation.

ECF No. 172.[3]

The drug charges that formed the basis of Movant's enhanced sentence were punishable by imprisonment for more than one year under state law. Movant properly was sentenced under the statutory law in effect at the time of his conviction of the within offense. See United States v. O'neil, 542 F. App'x 225 (4th Cir. 2013) (holding that a conviction under S.C. Code Ann. § 44-53-370 for possession with intent to distribute cocaine constituted a predicate felony drug offense for purposes of 21 U.S.C. §841(b)(1)(C)); United States v. Memminger, 145 F. App'x 813 (4th Cir. 2005) (holding that three predicate offenses involving possession of a controlled substance qualified as felony drug offenses because they were classified as a felony punishable by not more than five years imprisonment).

For the reasons set out hereinabove, the court concludes that Movant's Grounds Two and

---

no opinion as to whether Movant is entitled to a reduction in sentence under the First Step Act, although other courts have determined the revision of this section under the First Step Act is not retroactive. See, e.g., United States v. Murphy, CR/A No. 4:03-cr-00474-DCC-21, 2021 WL 462346 (D.S.C. Feb. 9, 2021).

[3]The presentence investigation reports that the actual arrest date of the first offense was December 9, 2009, and that Movant was sentenced for possession with intent to distribute marijuana on January 17, 2012. As to the second offense, the actual arrest date was August 13, 2010. ECF No. 473, 4.

Three are without merit.

### III.  CONCLUSION

The government's motion for summary judgment (ECF No. 788) is **granted**.  Movant's § 2255 motion (ECF No. 782) is **denied and dismissed**, with prejudice.

### IV.  CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir.2001).  The court concludes that Movant has not made the requisite showing.  Accordingly, the court **denies** a certificate of appealability.

**IT IS SO ORDERED.**


                                        /s/ Margaret B. Seymour
                                        Senior United States District Judge


Columbia, South Carolina

April 9, 2021